UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-23933-UNGARO-O'SULLIVAN

JONES REAL ESTATE, INC. d/b/a
JONES REALTY, individually and on
behalf of all others similarly situated,

    Plaintiff,

              v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, *et al.*,

    Defendants.
_____/

**DEFENDANT ASSURANT, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND JOINDER IN DEFENDANT AMERICAN BANKERS INSURANCE COMPANY OF FLORIDA'S MOTION TO DISMISS COUNTS III AND V OF THE CLASS ACTION COMPLAINT**

## TABLE OF CONTENTS

**Page**

MOTION TO DISMISS, JOINDER, AND REQUEST FOR HEARING .....................................1

PRELIMINARY STATEMENT .....................................1

STATEMENT OF FACTS .....................................1

ARGUMENT .....................................4

I. Applicable Legal Standards .....................................4

II. The Court Lacks General Personal Jurisdiction Over Assurant .....................................5

III. The Court Also Lacks Specific Personal Jurisdiction Over Assurant .....................................7

IV. The Court Should Not Permit Discovery Regarding Jurisdictional Issues .....................................9

V. Assurant Fully Joins In American Bankers' Motion To Dismiss .....................................10

CONCLUSION .....................................10

## TABLE OF AUTHORITIES

**Cases**   **Page(s)**

*Bernardele v. Bonorino*,
  608 F. Supp. 2d 1313 (S.D. Fla. 2009)..................................................................................9

*Brown v. Carnival Corp.*,
  202 F. Supp. 3d 1332 (S.D. Fla. 2016)..................................................................................9

*Carmouche v. Tamborlee Management, Inc.*,
  789 F.3d 1201 (11th Cir. 2015).........................................................................................5, 6

*Citizens State Bank v. Winters Government Securities Corp.*,
  361 So. 2d 760 (Fla. Dist. Ct. App. 1978)............................................................................4

*Consolidated Development Corp. v. Sherritt, Inc.*,
  216 F.3d 1286 (11th Cir. 2000).........................................................................................6, 7

*Daimler AG v. Bauman*,
  134 S. Ct. 746 (2014) ............................................................................................................6

*East Okeechobee Palms, LLC v. Kellam*,
  637 F. App'x 568 (11th Cir. 2016).........................................................................................7

*East Okeechobee Palms, LLC v. Kellam*,
  No. 14-80866, 2015 WL 12977392 (S.D. Fla. Feb. 23, 2015)..............................................7

*Eaves-Leanos ex rel. Estate of Kennedy Eaves v. Assurant, Inc.*,
  No. 07-18, 2007 WL 2462632 (W.D. Ky. Aug. 28, 2007) ...................................................3

*Fraser v. Smith*,
  594 F.3d 842 (11th Cir. 2010)...........................................................................................4, 5

*Klika v. Capital One Bank, N.A.*,
  No. 15-0107, 2016 WL 3568222 (W.D. Wash. June 30, 2016)............................................8

*Melinder v. Texas Farmers Insurance Co.*,
  No. 10-516, 2014 WL 8298930 (S.D. Tex. Jan. 15, 2014) ...................................................8

*MeterLogic, Inc. v. Copier Solutions, Inc.*,
  126 F. Supp. 2d 1346 (S.D. Fla. 2000)..................................................................................7

*Peruyero v. Airbus S.A.S.*,
  83 F. Supp. 3d 1283 (S.D. Fla. 2014)....................................................................................9

*PHD@western, LLC v. Rudolf Construction Partners, LLC*,
  No. 16-80097, 2016 WL 5661637 (S.D. Fla. Sept. 30, 2016) ..............................................6

*Roberts v. Wells Fargo Bank, N.A.*,
  No. 12-200, 2013 WL 1233268 (S.D. Ga. Mar. 27, 2013) ...............................................3, 9

*Schefren v. Carpenter*,
  No. 14-21838, 2014 WL 12026079 (S.D. Fla. Aug. 20, 2014).............................................5

*Shells & Fish Import & Export Co. v. Process Engineering & Fabrication, Inc.*,
  No. 13-23578, 2013 WL 6842804 (S.D. Fla. Dec. 30, 2013) ...............................................4

*Sofrar, S.A. v. Graham Engineering Corp.*,
    35 F. Supp. 2d 919 (S.D. Fla. 1999) ..................................................................................6

*S.O.S. Resource Services, Inc. v. Bowers*,
    No. 14-22789, 2015 WL 2415332 (S.D. Fla. May 21, 2015) ..............................................6

*Walden v. Fiore*,
    134 S. Ct. 1115 (2014) .....................................................................................................8, 9

**Statutes and Rules**

Fed. R. Civ. P. 4 ...............................................................................................................................4

Fed. R. Civ. P. 12 .............................................................................................................................4

Fla. Stat. § 48.193 ...................................................................................................................5, 7, 8

### MOTION TO DISMISS, JOINDER, AND REQUEST FOR HEARING

Defendant Assurant, Inc. ("Assurant") hereby moves for dismissal from the Class Action Complaint for lack of personal jurisdiction, fully joins the motion to dismiss Counts III and V from the Complaint filed by defendant American Bankers Insurance Company of Florida ("American Bankers"), and requests a one-hour hearing on these defendants' motions.

### PRELIMINARY STATEMENT

Plaintiff Jones Real Estate, Inc. d/b/a Jones Realty ("Jones Realty") has not plausibly pled, and cannot prove, that the Court has personal jurisdiction over Assurant, a nonresident. Assurant is a mere holding company and, as such, has limited direct operations of its own. Jones Realty admits that American Bankers, an indirectly owned Assurant subsidiary, underwrites the property insurance at issue. Although Jones Realty also conclusorily alleges that Assurant has "arrangements" and "relationships" with defendants CIT Group, Inc. ("CIT") and Avatel Technologies, Inc. ("Avatel") to pay "kickbacks" in connection with the insurance, the record evidence establishes otherwise. Assurant has no contractual or other relationships with CIT or Avatel or their affiliates. Nor does Assurant have meaningful contacts with the State of Florida.

Accordingly, neither Florida's long-arm statute, Fla. Stat. § 48.193, nor principles of due process can be satisfied. The Court lacks general personal jurisdiction because Assurant is not "essentially at home" in Florida, as Florida is neither its state of incorporation nor its principal place of business, and Assurant otherwise has no substantial connection to the forum. The Complaint also does not plausibly allege a single act enumerated in § 48.193 capable of subjecting Assurant to specific jurisdiction. Even if the "arrangements" and "relationships" posited by Jones Realty did in fact exist, Assurant's hypothetical relationship with CIT, a New York corporation, would have no discernable link to Florida and its hypothetical relationship with Avatel, a Florida corporation, would by itself be a legally insufficient basis for jurisdiction.

### STATEMENT OF FACTS

"Jones Realty is a Missouri business wh[ich] signed up with Avatel Technologies, Inc. to provide telephones and telephone service." ECF No. 1 ¶ 32. In this regard, Jones Realty became the commercial lessee under a two-page Lease Agreement with nonparty CIT Bank, N.A. ("CIT Bank") dated October 13, 2016, naming Avatel as the "Supplier." The Agreement requires Jones Realty to provide and maintain insurance related to the leased equipment. (A copy of the Lease Agreement is attached as Exhibit A to American Bankers's motion to dismiss, filed herewith.)

Correspondence and a brochure sent to Jones Realty provided two options by which Jones Realty could fulfill this insurance requirement. ECF No. 1 Ex. A. One option allowed Jones Realty to obtain acceptable property insurance from an insurer of its own choosing. *Id.* The correspondence stated that, to elect this option, Jones Realty need only provide satisfactory evidence of insurance. *Id.* The second option was to insure the leased equipment under a property insurance program that CIT Bank had arranged with American Bankers. *Id.* The correspondence stated that, if Jones Realty did not obtain its own insurance, the equipment would be insured by default by American Bankers, and Jones Realty would be invoiced accordingly for the insurance charge and any administrative service fee. *Id.*

Jones Realty admits that it did not provide proof of coverage, ECF No. 1 ¶ 33, and instead elected by default to participate in the CIT Bank-arranged insurance program. Since that time, it has paid $19.58 each month in insurance charges. *Id.* ¶ 40.

Jones Realty alleges, without elaboration, that "[a] percentage of the premium was kicked back to CIT, Assurant, and/or an affiliate," *id.* ¶ 41, in the form of commissions "usually paid to an affiliate" or through "lucrative reinsurance arrangements" and other "unmerited charges." *Id.* ¶ 19. Through its Complaint, it posits the existence of "exclusive relationships" between "equipment lease and finance companies" and "insurers" engaged "in a lucrative profit-making scheme." *Id.* ¶ 2. For example, Jones Realty avers, "Assurant and its subsidiary, American Bankers, has an exclusive arrangement with Avatel and/or CIT to monitor their lease portfolio and provide force-placed insurance. In addition to the subsidized lender and/or lessor services they receive from Assurant, the [sic] Avatel and/or CIT are directly, or through an affiliate, kicked back a percentage of the force-placed premium or compensation through reinsurance arrangements." *Id.* ¶ 28. Neither Jones Realty nor its Complaint, however, offer concrete or specific facts about the commissions, reinsurance, or other financial arrangements, including identifying which affiliates were involved or how the "kickbacks" were actually structured.

In reality, Assurant had nothing to do with these alleged "exclusive relationships" and "arrangements." It could not. As set forth in the accompanying Declaration of Jessica Olich ("Olich Decl."), Assurant is not engaged in trade or commerce in any meaningful sense. It did not and does not sell goods or services to any person in Florida. Olich Decl. ¶ 17. Assurant is a holding company, the sole purpose of which is to hold shares of other companies. *Id.* ¶ 5. It does not even have any employees of its own. *Id.* ¶ 16.

2

Assurant is not an insurance company and does not issue or underwrite insurance policies. *Id.* ¶ 6. It does not collect premiums or other charges paid for insurance policies. *Id. Contra* the Complaint's insinuations, it does not contract with lenders or lessors (or their affiliates) to provide any products or services related to insurance, including property insurance covering voice, data, or video equipment. *Id.* ¶ 7. In particular, Assurant is not party to any contract, agreement, or policy of insurance with CIT, CIT Bank, or Avatel. *Id.* ¶ 10. Assurant is not party to any reinsurance treaty or other agreement related to insurance, including property insurance covering voice, data, or video equipment. *Id.* ¶ 9. Furthermore, Assurant does not pay commissions to any lender or lessor (or their affiliates) related to insurance, including property insurance covering voice, data, or video equipment. *Id.* ¶ 8. Assurant also is not a party to any contract, agreement, or policy of insurance with Jones Realty, *id.* ¶ 21, nor has it ever transacted business with Jones Realty. *Id.* ¶ 22.

Assurant has no meaningful contacts with Florida. Among other things, although it is registered with the Florida Secretary of State, it does not actually transact business or conduct business operations in Florida. *Id.* ¶ 17. Assurant does not maintain its bank accounts or its corporate records in Florida. *Id.* ¶ 19. It does not own or lease real property in Florida, *id.* ¶ 18, nor does it own any vehicles registered in Florida. *Id.* ¶ 20.

Some of Assurant's indirectly owned subsidiaries, including American Bankers, have insurance or other contractual relationships with other entities, including with CIT Bank. *Id.* ¶ 13. These subsidiaries sometimes operate under the collective trade name "Assurant Specialty Property" or simply "Assurant." *Id.* Assurant is not involved in these subsidiaries' daily decisionmaking or business operations. *Id.* Assurant maintains books and corporate records separate from those of these subsidiaries, which generate their own business. *Id.* As one court summarized, "Assurant is not Assurant Specialty Property, and Assurant Specialty Property is not a company at all." *Roberts v. Wells Fargo Bank, N.A.*, No. 12-200, 2013 WL 1233268, at *6 (S.D. Ga. Mar. 27, 2013); *see also Eaves-Leanos ex rel. Estate of Kennedy Eaves v. Assurant, Inc.*, No. 07-18, 2007 WL 2462632, at *3-4 (W.D. Ky. Aug. 28, 2007) (dismissing Assurant for lack of personal jurisdiction notwithstanding plaintiff's evidence that she "received correspondence from Assurant Solutions and the Assurant Group").

Assurant does not participate in, direct, or control the placement, procurement, or binding of insurance policies that American Bankers issues, nor does Assurant set or participate in setting

3

the terms for policies issued by American Bankers.  Olich Decl. ¶ 14.  Assurant does not direct or control the manner in which its subsidiaries or affiliates, including American Bankers, disburse benefits or other payments under insurance policies.  *Id.* ¶ 15.  Nor does Assurant direct or control the amount of benefits or other payments made under insurance policies.  *Id.*

The parties agree, however, that Assurant "is a Delaware corporation with its principal office in New York, New York." ECF No. 1 ¶ 12; Olich Decl. ¶ 5.

## ARGUMENT

**I.      Applicable Legal Standards.**

On motion, the Court may dismiss a nonresident defendant for lack of personal jurisdiction.  *See* Fed. R. Civ. P. 12(b)(2).  The framework for evaluating such motions is well-established.  "When no evidentiary hearing is held, the plaintiff bears the burden of establishing a *prima facie* case of personal jurisdiction over a nonresident defendant."  *Shells & Fish Import & Export Co. v. Process Eng'g & Fabrication, Inc.*, No. 13-23578, 2013 WL 6842804, at *2 (S.D. Fla. Dec. 30, 2013) (Ungaro, J.).  "The Court must accept the facts as alleged in the complaint as true to the extent that they are uncontested."  *Id.*  "But where the defendant controverts those allegations with affidavit evidence, the burden shifts back to the plaintiff to produce evidence supporting jurisdiction, unless the defendant's affidavits contain only conclusory assertions that the defendant is not subject to jurisdiction."  *Id.*

"In deciding a motion to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2), the Court must undertake a two-part analysis.  First, it must determine whether the Florida long-arm statute provides a basis for personal jurisdiction."  *Id.*; *see also* Fed. R. Civ. P. 4(k)(1)(A) (stating that service of process "establishes personal jurisdiction over a defendant" who "is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located").  "If the statute is satisfied, the court must inquire as to whether sufficient minimum contacts exist between the defendant and Florida so as to satisfy traditional notions of fair play and substantial justice under the Due Process Clause of the Fourteenth Amendment."  *Shells & Fish*, 2013 WL 6842804, at *2.

To a large degree, however, the federal constitutional analysis merges into the Florida statutory analysis.  "Section 48.193(1)(a) requires *more* activities or contacts to sustain service of process than are required by decisions of the Supreme Court of the United States."  *Fraser v. Smith*, 594 F.3d 842, 848 (11th Cir. 2010) (quoting *Citizens State Bank v. Winters Gov't Secs.*

*Corp.*, 361 So. 2d 760, 762 (Fla. Dist. Ct. App. 1978)) (emphasis added). "And 'the reach of section 48.193(2) extends to the limits on personal jurisdiction imposed by the Due Process Clause of the Fourteenth Amendment.'" *Carmouche v. Tamborlee Mgmt., Inc.*, 789 F.3d 1201, 1204 (11th Cir. 2015) (quoting *Fraser*, 594 F.3d at 846). "A defendant can be subject to personal jurisdiction under Florida's long-arm statute in two ways: first, section 48.193(1)(a) lists acts that subject a defendant to *specific* personal jurisdiction – that is, jurisdiction over suits that arise out of or relate to a defendant's contacts with Florida, Fla. Stat. § 48.193(1)(a); and second, section 48.193(2) provides that Florida courts may exercise *general* personal jurisdiction – that is, jurisdiction over any claims against a defendant, whether or not they involve the defendant's activities in Florida – if the defendant engages in 'substantial and not isolated activity' in Florida, *id.* § 48.193(2)." *Id.* at 1203-04. "Though the reach of the Florida long-arm statute is a question of Florida law," *Shells & Fish*, 2013 WL 6842804, at *2, "the Eleventh Circuit has made clear that the statute is to be strictly construed." *Id.*

**II.    The Court Lacks General Personal Jurisdiction Over Assurant.**

Jones Realty fails to meet its "initial burden of alleging facts establishing personal jurisdiction under any of these provisions." *Schefren v. Carpenter*, No. 14-21838, 2014 WL 12026079, at *2 (S.D. Fla. Aug. 20, 2014) (Ungaro, J.). The Complaint contains only boilerplate jurisdictional allegations lumping all defendants together:

> This Court has jurisdiction over Defendants because they are foreign corporations authorized to conduct business in Florida, are doing business in Florida and have registered with the Florida Secretary of State, or do sufficient business in Florida, have sufficient minimum contacts with Florida, or otherwise intentionally avail themselves of the Florida consumer market through the promotion, marketing, sale, and administration of lending services and insurance policies in Florida.

ECF No. 1 ¶ 15. "In this section, [Jones Realty] carelessly merge[s] together Defendants' Florida contacts as though they constitute a single entity." *Schefren*, 2014 WL 12026079, at *2. These allegations – or any others in the Complaint – do not establish that *Assurant* did anything in Florida. At most, they establish only that some "Defendants" may have done so.

General jurisdiction is lacking anyway. The Florida long-arm statute subjects a defendant "who is engaged in substantial and not isolated activity within this state" to "the jurisdiction of the courts of this state, whether or not the claim arises from that activity." Fla. Stat. § 48.193(2). Under both the statutory and constitutional analyses, the Court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all

claims against them only when their affiliations with the forum state are so continuous and systematic as to render them "essentially at home" there. *See Daimler AG v. Bauman*, 134 S. Ct. 746, 754 (2014); *Carmouche*, 789 F.3d at 1204. "[O]nly a limited set of affiliations with a forum will render a defendant amenable to all-purpose jurisdiction there." *Daimler*, 134 S. Ct. at 760. A corporation's formal place of incorporation and its principal place of business are "paradigm all-purpose forums." *Id.* And "a corporation's operations in a forum other than its formal place of incorporation or principal place of business" will be "so substantial and of such a nature as to render the corporation at home in that State" only in "exceptional" cases. *Id.* at 761 n.19. "Generally, the contacts required to establish general jurisdiction are quite exacting and must be especially pervasive and substantial to satisfy § 48.193(2)." *S.O.S. Resource Servs., Inc. v. Bowers*, No. 14-22789, 2015 WL 2415332, at *3 (S.D. Fla. May 21, 2015).

Here, the parties do not dispute that Assurant's place of incorporation is Delaware and its principal place of business is New York. No "exceptional" or "especially pervasive and substantial" circumstances tie Assurant to Florida. As stated above, Assurant has no meaningful contacts with Florida at all. *See* Olich Decl. ¶¶ 5, 17-20. Only one of Jones Realty's jurisdictional allegations is true – Assurant is registered with the Florida Secretary of State. But "the appointment of an agent for process and registration to do business does not suffice to satisfy the criteria for the exercise of general jurisdiction" under the long-arm statute. *Sofrar, S.A. v. Graham Eng'g Corp.*, 35 F. Supp. 2d 919, 921 (S.D. Fla. 1999). Among other things, under "the literal words of § 48.193(2)," registration alone "could not reasonably be seen as the 'substantial and not isolated activity' required under the statute." *Id.*; *see also Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) (rejecting "the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation"); *PHD@western, LLC v. Rudolf Constr. Partners, LLC*, No. 16-80097, 2016 WL 5661637, at *4 (S.D. Fla. Sept. 30, 2016) (stating that "merely registering to do business in a state is not a sufficient basis to establish the minimum contacts necessary for a court to obtain personal jurisdiction over a non-resident defendant").

Although Assurant's indirect subsidiary, American Bankers, transacts insurance business in Florida that, too, is insufficient. "It is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other." *Consol. Dev.*, 216 F.3d at 1293. "Generally, a foreign parent

6

corporation is not subject to the jurisdiction of a forum state merely because a subsidiary is doing business there." *Id.* "In order for a plaintiff to establish personal jurisdiction successfully over a parent corporation, that plaintiff must establish an agency relationship between the subsidiary and its employees and the parent. Alternatively, the plaintiff can show that it is proper for the court to pierce the corporate veil." *MeterLogic, Inc. v. Copier Solutions, Inc.*, 126 F. Supp. 2d 1346, 1354 (S.D. Fla. 2000). The Complaint, however, does not allege that Assurant is subject to personal jurisdiction on agency or corporate veil-piercing theories.

If Jones Realty had intended to assert these theories, then it failed the threshold obligation to plead them with factual specificity. *See E. Okeechobee Palms, LLC v. Kellam*, No. 14-80866, 2015 WL 12977392, at *5 (S.D. Fla. Feb. 23, 2015), *aff'd*, 637 F. App'x 568 (11th Cir. 2016) ("[B]are allegations that the Defendant entities are the alter ego of Defendant Kellam are insufficient to establish jurisdiction under Florida's long-arm statute."). To establish an agency relationship, "a party must show: (1) acknowledgment by the principal that the agent will act for it; (2) the agent's acceptance of the undertaking; and (3) control by the principal over the actions of the agent." *MeterLogic*, 126 F. Supp. 2d at 1354. To establish "that the subsidiary is an alter ego of a parent corporation, such that the corporate veil can be pierced," a party "must show: (1) that the subsidiary is a mere instrumentality of the parent and (2) improper conduct." *Id.* at 1357. The Complaint alleges none of these things between Assurant and American Bankers.

Agency or veil-piercing theories would be factually baseless anyway. Among other things, Assurant is not involved in its subsidiaries' daily decisionmaking or operations. Olich Decl. ¶ 13. Assurant maintains its books and corporate records separate from those of its subsidiaries, which generate their own business. *Id.*; *see also id.* ¶¶ 5, 11, 14, 15.

### III.     The Court Also Lacks Specific Personal Jurisdiction Over Assurant.

Specific personal jurisdiction also is lacking. The Florida long-arm statute enumerates various acts subjecting defendants "to the jurisdiction of the courts of this state for any cause of action arising from" the acts. Fla. Stat. § 48.193(1)(a). Jones Realty does not specify which of these enumerated acts it is invoking to assert jurisdiction but its Complaint, realistically construed, could be understood to invoke the following:

1. Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
2. Committing a tortious act within this state.

<div style="text-align:center">*****</div>

  4.  Contracting to insure a person, property, or risk located within this state at the time of contracting.

<div align="center">*****</div>

  7.  Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.

*Id.* § 48.193(1)(a)(1), (2) & (4).

    To establish specific jurisdiction consistent with due process – and thus also with the Florida long-arm statute, *see Fraser*, 594 F.3d at 848 – "the defendant's suit-related conduct must create a substantial connection with the forum State." *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014). Critically, "the relationship must arise out of contacts that the 'defendant *himself*' creates with the forum State." *Id.* at 1122. Moreover, the analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* "To be sure, a defendant's contacts with the forum State may be intertwined with his transactions or interactions with the plaintiff or other parties. But a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 1123. "These same principles apply when intentional torts are involved." *Id.*

    Assurant did not create any contacts with Florida arising out of any suit-related conduct. Assurant is not engaged in trade or commerce in Florida. Olich Decl. ¶ 17. It does not sell goods, services, or insurance to any person there. *See id.* ¶¶ 6-10, 17. Among other things, it does not contract with lenders or lessors (or their affiliates) to provide products or services related to insurance, including property insurance covering voice, data, or video equipment. *Id.* ¶ 7. Nor is Assurant a party to any contract, agreement, or policy of insurance with CIT, CIT Bank, or Avatel. *Id.* ¶ 10. Again, Assurant is a mere holding company, the sole purpose of which is to hold shares of other companies. *Id.* ¶ 5. Many courts have recognized Assurant's limited corporate remit. *See, e.g.*, *Klika v. Capital One Bank, N.A.*, No. 15-0107, 2016 WL 3568222, at *2 (W.D. Wash. June 30, 2016) ("In the absence of any evidence that Assurant (or 'Assurant Specialty Property,' for that matter) issued the force-placed hurricane policy that led to this lawsuit or otherwise created continuing contacts with or obligations toward a resident of this state, plaintiff has failed to show that the Court can reasonably exercise jurisdiction over Assurant."); *Melinder v. Tex. Farmers Ins. Co.*, No. 10-516, 2014 WL 8298930, at *1 (S.D. Tex. Jan. 15, 2014) ("Assurant is merely a holding company with corporate existence that is separate from that of any subsidiary corporation that may have been involved in the issuance of the

Republic Lloyds policy. It is not, and has never been, an insurance company: it does not sell, underwrite, issue or market insurance policies. It does not provide monitoring services, order the placement of force-placed policies or pay commissions, rebates or expenses to mortgage companies."); *Roberts*, 2013 WL 1233268, at *7 (Assurant "is a mere holding company, a corporation designed only to own other corporations and profit from that ownership").

Nor does anything about the parties themselves link Assurant to Florida. The plaintiff, Jones Realty, is a Missouri company with which Assurant has no relationship. *See* Olich Decl. ¶¶ 21, 22. Furthermore, even if Assurant had "relationships" or "arrangements" with CIT or Avatel – which it does not – nothing in the Complaint suggests that these "relationships" or "arrangements" are rooted in Florida. Both Assurant and CIT are nonresident companies; there is no apparent reason that any aspect of their (nonexistent) relationship would have been created, existed, or terminated in Florida, as opposed to some other forum. And, although Avatel is alleged to be a Florida company, *see* ECF No. 1 ¶ 9, "a defendant's relationship with a plaintiff or third party, standing alone, is an insufficient basis for jurisdiction." *Walden*, 134 S. Ct. at 1123. The Court must examine "the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Id.* at 1122. Thus, even assuming that Assurant had a "relationship" or "arrangement" with Avatel – which it does not – that would not legally suffice to establish jurisdiction over Assurant in Florida.

## IV. The Court Should Not Permit Discovery Regarding Jurisdictional Issues.

Jones Realty may ask the Court for leave to conduct discovery to test Assurant's record evidence. The Court should deny any such request as a stalling tactic.

"A qualified right to conduct jurisdictional discovery is recognized in the Eleventh Circuit." *Bernardele v. Bonorino*, 608 F. Supp. 2d 1313, 1321 (S.D. Fla. 2009). Jurisdictional discovery, however, "is not an unconditional right that permits a plaintiff to seek facts that would ultimately not support a showing personal jurisdiction." *Id.* It is warranted only where there is "a genuine dispute on a material jurisdictional fact." *Brown v. Carnival Corp.*, 202 F. Supp. 3d 1332, 1346 (S.D. Fla. 2016); *Peruyero v. Airbus S.A.S.*, 83 F. Supp. 3d 1283, 1290 (S.D. Fla. 2014). Even contradictory evidence "must be sufficiently material to warrant jurisdictional discovery or an evidentiary hearing." *Bernardele*, 608 F. Supp. 2d at 1321. Moreover, a plaintiff's failure to investigate jurisdictional issues prior to filing suit does not give rise to a genuine jurisdictional dispute. *Brown*, 202 F. Supp. 3d at 1346.

In its Complaint, Jones Realty does not advance, or even attempt to advance, a factually supported case for exercising general or specific personal jurisdiction over Assurant. Discovery should not be permitted on allegations as flimsy as these, especially insofar as other federal courts have already found that Assurant is a mere holding company. The Court need not prolong the inevitable by indulging Jones Realty's speculation and wishful thinking.

## V.  Assurant Fully Joins In American Bankers' Motion To Dismiss.

American Bankers has filed its own motion to dismiss Counts III and V from the Complaint for failure to state a claim upon which relief can be granted. All of the arguments asserted by American Bankers in that motion apply equally, if not more fully, to Assurant. Accordingly, Assurant joins in American Bankers' motion and adopts it herein as its own.

## CONCLUSION

The Court should dismiss Assurant from the Complaint.

Dated:  November 27, 2017

Respectfully submitted,

CARLTON FIELDS JORDEN BURT, P.A.

By: */s/ Irma Reboso Solares*
Irma Reboso Solares (Fla. Bar No. 797073)
isolares@carltonfields.com
100 S.E. Second Street
Miami Tower, Suite 4200
Miami, Florida 33131
Telephone: (305) 530-0050
Facsimile: (305) 530-0055

Frank G. Burt (Fla. Bar No. 197963)
fburt@carltonfields.com
1025 Thomas Jefferson Street, NW
Suite 400 West
Washington, DC 20007
Telephone: (202) 965-8100
Facsimile: (202) 965-8104

*Attorneys for Defendants Assurant, Inc. and American Bankers Insurance Company of Florida*

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing Motion to Dismiss for Lack of Personal Jurisdiction was filed on November 27, 2017, with the Clerk by using the CM/ECF system, which system served all counsel of record.

                                               */s/ Irma Reboso Solares*
                                               Irma Reboso Solares