UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-23933-UNGARDO-O'SULLIVAN

JONES REAL ESTTE, INC. d/b/a
JONES REALTY, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, AVATEL
TECHNOLOGIES, INC., CIT GROUP, INC.
AND ASSURANT, INC.

    Defendants.
_____/

DEFENDANT AVATEL TECHNOLOGIES' MOTION TO DISMISS
AND INCORPORATED MEMORANDUM OF LAW

# TABLE OF CONTENTS

Page

I. PRELIMINARY STATEMENT ………………………………………………... 1

II. LEGAL STANDARD …………………………………………………………. 3

III. PLAINTIFF'S "SHOTGUN" COMPLAINT SHOULD BE DISMISSED ……… 4

IV. PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE
    DISMISSED ………………………………………………………………….. 6

V. PLAINTIFF'S BREACH OF IMPLIED COVENANT OF GOOD FAITH
    AND FAIR DEALING CLAIM SHOULD BE DISMISSED ……………………. 6

VI. PLAINITFF FAILS TO STATE A CAUSE OF ACTION FOR
    UNJUST ENRICHMENT AGAINST AVATEL ……………………………….7

    A) Plaintiff is a Party to an Express Contract Which Governs Its Rights ……..7

    B) Plaintiff Fails to Allege the Elements of the Cause of Action for Unjust
       Enrichment ……………………………………………………………………..8

VII. PLAINTIFF'S FLORIDA DECEPTIVE AND UNFAIR TRADE
    PRACTICES ACT SHOULD BE DISMISSED ………………………………….10

VIII. DEFENDANT ADOPTS SELECTED PORTIONS OF BANKERS
    AND CIT GROUP'S MOTIONS TO DISMISS …………………………….. 11

IX. CONCLUSION ………………………………………………………………….11

X. CERTIFICATE OF SERVICE …………………………………………………. 13

i

## TABLE OF AUTHORITIES

Page(s)
*ADA v. Cigna Corp.,*
   605 F. 3d 1283 (11th Cir. 2010) ............................................................... 3

*Aldana v. Del Monte Fresh Produce, N.A., Inc.,*
   416 F. 3d 1242 (11th Cir. 2005) *rehearing denied* 452 F. 3d. 1284 ................. 3
   (11th Cir 2006)

*Aldora Aluminum & Glass Prods. v. Poma Glass & Specialty Windows, Inc.,*
   683 Fed. Appx. 764 (11th Cir. 2017) ...................................................... 6

*Alhassid v. Bank of Am., NA,*
   60 F. Supp. 3d 1302, 1315 (S.D. Fla. 2014) ............................................. 6

*American-European Art Assoc., Inc. v. Trend Galleries, Inc.,*
   227 A.D. 2d 170 (N.Y.A.D. 1 Dept. 1996) ............................................. 6

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ........................... 3

*Bell Atl. Corp. v. Twombly,*
   550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ..................... 3

*Bizrocket.com, Inc. v. Interland, Inc.,*
   274 Fed. Appx. 776, 779 (11th Cir. 2008) ................................................ 6

*Burger King Corp. v. Weaver,*
   169 F. 3d 1310 (11th Cir. 1999) ............................................................ 7

*Byrne v. Nezhat,*
   261 F. 3d 1075, 1129 (11th Cir. 2001) .................................................... 5

*Centurion Air Cargo, Inc. v. UPS, Co.,*
   420 F. 3d 1146, 1152 (11th Cir. 2005) .................................................... 6

*City of Riviera Beach v. John's Towing,*
   691 So. 2d 519 (Fla. 4th DCA 1997) ...................................................... 7

*Corn v. Greco,*
   694 So. 2d 833 (Fla. 2d DCA 1997) *review denied*
   735 So. 2d 1284 (Fla. 1999) ................................................................. 8

*Cross v. Strader Constr. Corp.*,
   768 So. 2d 465 (Fla. 2d DCA 2000) ............................................................... 7

*Diamond "S" Dev. Corp. v. Mercantile Bank*,
   989 So. 2d 696 (Fla. 1st DCA 2008) ............................................................... 7

*Ebrahimi v. City of Huntsville Bd. of Educ.*,
   114 F. 3d 162, 165 (11th Cir. 1997) ............................................................... 6

*In re Estate of Donner*,
   364 So. 2d 742 (Fla. 3d DCA 1978) ............................................................... 6

*Fla. Power Corp. v. City of Winter Park*,
   887 So. 2d 1237 (Fla. 2004) ............................................................... 8

*Herssein Law Group v. Reed Elsevier, Inc.*
   594 F. Appx. 606, 608 (11th Cir. 2015) ............................................................... 5

*Horsley v. Feldt*,
   304 F. 3d 1125 (11th Cir. 2002) ............................................................... 4

*Hospital Corp. of Am. v. Florida Med. Ctr.*, 710 So. 2d 573
   (Fla. 4th DCA 1998) *review denied*
   727 So. 2d 905 (Fla. 1998) ............................................................... 7

*Howard v. Turnbull*,
   316 S. W. 3d 431 (Mo. Ct. App. 2010) ............................................................... 8

*Joe Hand Promotions, Inc. v. Creative Entm't, LLC*,
   978 F. Supp. 2d 1236, 1240 (M.D. Fla. 2013) ............................................................... 4

*Joseph v. Bernstein*,
   612 F. Appx. 551, 555 (11th Cir. 2015) ............................................................... 5

*Kovtan v. Frederiksen*,
   449 So. 2d 1 (Fla. 2d DCA 1984) ............................................................... 8

*Librizzi v. Ocwen Loan Servicing, LLC*,
   120 F. Supp. 3d 1368 (S.D. Fla. 2015) ............................................................... 7

*Managed Care Litig.*,
   185 F. Supp. 2d 1310 (S.D. Fla. 2002) ............................................................... 8

*Maxcess, Inc. v. Lucent Techs., Inc.*,
    433 F. 3d 1337 (11th Cir. 2005) *rehearing, en banc, denied by* 175 Fed.
    Appx. 328 (11th Cir. 2006) …………………………………………………….. 4

*May v. Sessums & Mason, P.A.*,
    700 So. 2d 22 (Fla. 2d DCA 1997) *review denied*
    705 So. 2d 571 (Fla. 1998) ……………………………………………………… 7

*Paylor v. Hartford Fire Ins. Co.*,
    748 F. 3d 1117 (11th Cir. 2014) …………………………………………….. 4

*Reitz v. Nationstar Mortg., LLC*,
    954 F. Supp. 2d 870, 892 (E.D. Mo. 2013) ……………………………………... 7

*Rollins, Inc. v. Butland*,
    951 So. 2d 860 (Fla. 2d DCA 2006) ……………………………………… 10

*SMF Holdings, Ltd. v. Banc of Am. Sec., LLC*,
    600 F. 3d 1334 (11th Cir. 2010) ……………………………………………. 4

*South Fla. Water Mgmt. Dist. v. Montalvo*,
    84 F. 3d 402 (11th Cir. 1996) …………………………………………….. 3

*Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*,
    305 F. 3d 1293 (11th Cir. 2002) ……………………………………………. 4

*Strong & Trowbridge Co. v.*
    *H. Baars & Co.*, 60 Fla. 253, 54 So. 92 (Fla. 1910) …………………………… 6

*Wilson v. Everbank, N.A.*,
    77 F. Supp. 3d 1202 (S.D. Fla. 2015) ……………………………………… 8

**Rules**

Fed. R. Civ. P. 12 (b) (6) ………………………………………………………… 1

Local Rule 7 …………………………………………………………………….... 1

I.      PRELIMINARY STATEMENT

Defendant Avatel Technologies, Inc. (hereafter "Avatel") hereby serves its Motion to Dismiss and Incorporated Memorandum of Law pursuant to Fed. R. Civ. P. 12 (b) (6) and Local Rule 7. Avatel is a Florida corporation with its principal place of business located in Hillsborough County, Florida. Although plaintiff lumps Avatel and The CIT Group, Inc. (hereafter "CIT Group") together, the two are distinct corporate entities with distinct ownership and management. Avatel sells, installs and services telephone systems for its business customers and its contracts are for the sale, installation and maintenance of telephone equipment.

Avatel is not an equipment leasing or financing company. Avatel is not an insurance company. Significantly, Avatel is not a party to the Lease Agreement between plaintiff and CIT Bank, NA (hereafter "CIT Bank"). Although plaintiff neglected to attach a copy of the Lease Agreement, Avatel has included the Lease Agreement as an exhibit to this motion. Additionally, the Important Property Insurance Letter dated October 20, 2016 which is attached as Exhibit 1 to the Class Action Complaint is not from Avatel. It follows that because Avatel is not a party to the Lease Agreement; Avatel never received lease payments from plaintiff, never required plaintiff to carry property insurance, never force-placed insurance when plaintiff failed to do so, never paid insurance premiums for force-placed insurance to insurance providers and never collected premiums for force-placed insurance from plaintiff.

Plaintiff entered into a Quotation/Purchase Agreement for telephone equipment with Avatel on or about August 11, 2016. It should be noted that the Class Action Complaint contains no allegations regarding Avatel's purchase agreement with plaintiff. Rather than pay Avatel for the telephone equipment, plaintiff elected instead to lease or finance the equipment from CIT Bank.

1

Accordingly, plaintiff entered into the Lease Agreement with CIT Bank on or about October 13, 2016. CIT Bank then paid Avatel the purchase price for the telephone equipment.

The gravamen of plaintiff's Class Action Complaint is that under the terms of the Lease Agreement, the lessor force-places insurance through preferred insurance providers who charge an excessive insurance premium which is passed along by the lessor to the lessee. Purportedly the lessor does this so that the lessor may receive some form of a "kickback" from the insurance provider. However, once a telephone system is installed in a customer's place of business, Avatel's interactions with the customer are typically service and warranty related. Avatel is not the lessor as evidenced by the Lease Agreement and as such has no involvement with regard to force-placed insurance. It follows that Avatel has no involvement or relationship with defendants American Bankers Insurance Company of Florida (hereafter "Bankers") or Assurant, Inc. (hereafter "Assurant") because Avatel is simply never in a position to require proof of insurance of any customer or force-place insurance if a customer fails to provide the required proof.

Plaintiff has attempted to allege causes of action for breach of contract, breach of the implied covenant of good faith and fair dealing, unjust enrichment and violations of Florida's Deceptive and Unfair Trade Practices Act. Each is addressed in turn below and, as shown below, each fails to state a cause of action against Avatel and thus the Class Action Complaint is subject to dismissal. The Class Action Complaint is also subject to dismissal because it consists of a "shotgun pleading" as evidenced by the frequent use of the "and/or" conjunctive in relationship to the various defendants and thus fails to state a cause of action upon which relief can be granted. Avatel also joins in the motions to dismiss filed by the remaining defendants.

## II.     LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although the complaint does not need detailed factual allegations, it must provide more than labels and conclusions and a formalistic recitation of the elements of a cause of action will not do. To survive a motion to dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In evaluating the sufficiency of the plaintiff's pleadings, the court must indulge reasonable inferences in the plaintiff's favor but is not required to draw the plaintiff's conclusions and conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal. *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F. 3d 1242 (11th Cir. 2005) *rehearing denied* 452 F. 3d. 1284 (11th Cir 2006). Courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly* 550 U.S. at 555. Moreover, courts may infer from the factual allegations in the complaint obvious alternative explanations which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *ADA v. Cigna Corp.,* 605 F. 3d 1283 (11th Cir. 2010). Unwarranted deductions of fact in the complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. *South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F. 3d 402 (11th Cir. 1996) (Court should not infer that landowners had knowledge that spraying their pasture lands with pesticides entailed the spilling of pesticides and the draining of contaminated rinse water).

While as a general rule the Court may not consider matters outside the four corners of the complaint in ruling on a motion to dismiss, a document outside the four corners may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity. *SMF Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F. 3d 1334 (11th Cir. 2010); *Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F. 3d 1337 (11th Cir. 2005) *rehearing, en banc, denied by* 175 Fed. Appx. 328 (11th Cir. 2006); *Horsley v. Feldt*, 304 F. 3d 1125 (11th Cir. 2002). Plaintiff alleges the existence of the Lease Agreement and, indeed, its claims are predicated upon the Lease Agreement. Accordingly, the Lease Agreement between plaintiff and CIT Bank may be properly considered in ruling upon the instant motion.

### III. PLAINTIFF'S "SHOTGUN" COMPLAINT SHOULD BE DISMISSED

The complaint fails to state a cause of action against Avatel because the complaint consists of an impermissible "shotgun pleading." The proper remedy for a "shotgun pleading" is dismissal for failure to state a cause of action upon which relief can be granted. *See Paylor v. Hartford Fire Ins. Co.*, 748 F. 3d 1117 (11th Cir. 2014). Amongst the various sins found in the Class Action Complaint is the repeated use of "and/or", particularly in lumping defendants Avatel and CIT Group. The overuse of which the "and/or" conjunction among other ambiguities make the allegations against defendants vague and ambiguous. *See Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.*, 305 F. 3d 1293 (11th Cir. 2002); *Joe Hand Promotions, Inc. v. Creative Entm't, LLC*, 978 F. Supp. 2d 1236, 1240 (M.D. Fla. 2013). The Class Action Complaint fails to allege any facts which would suggest that Avatel and CIT Group are anything other than distinct entities. Furthermore, a third party identified as CIT Bank is the lessor under the Lease Agreement and there are no allegations which would permit plaintiff to lump Avatel with this non-party lessor.

Avatel sells and installs telephone equipment. Avatel is not a party to the Lease Agreement. The indiscriminate lumping of defendants, without articulating a factual basis for each defendant's liability does not satisfy even the liberal federal notice-pleading standards. *See Joseph v. Bernstein,* 612 F. Appx. 551, 555 (11th Cir. 2015).

The problem is compounded because the Class Action Complaint fails to attach as an exhibit the Lease Agreement or recite the contract language which Avatel is alleged to have breached. The failure to attach the actual Lease Agreement coupled with the failure to quote the specific contract language warrants dismissal for failure to state a cause of action. *See Herssein Law Group v. Reed Elsevier, Inc.* 594 F. Appx. 606, 608 (11th Cir. 2015). Combined with the repeated use of the "and/or" conjunctive, the Class Action Complaint suggests that Avatel is a party to the Lease Agreement. But the Lease Agreement itself makes clear that such is not the case.

The gravamen of the Class Action Complaint is that the lessor force-placed insurance under the terms of the Lease Agreement when plaintiff failed to provide proof of insurance. Plaintiff alleges that the insurance premiums charged for the force placed insurance were excessive, were backdated to cover time periods for which there were no claims, were overly broad in coverage "and/or" were the result of "kickbacks" from the insurance company to the lessor. Plaintiff's use of a "shotgun pleading" permits plaintiff to advance its theory under several different causes of action against Avatel. But when the Class Action Complaint is properly stripped of the "and/or" conjunctive in light of the Lease Agreement, it is clear that the Class Action Complaint fails to state a cause of action against Avatel.

Unless corrected, "a shotgun complaint leads to a shotgun answer." *Byrne v. Nezhat,* 261 F. 3d 1075, 1129 (11th Cir. 2001). Furthermore, such pleadings divert already stretched judicial

5

resources into disputes that are not structurally prepared to use those resources efficiently. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F. 3d 162, 165 (11th Cir. 1997). Because the instant complaint consists of a "shotgun pleading", the instant complaint fails to state a cause of action upon which relief can be granted. Accordingly, dismissal is appropriate

## IV. PLAINTIFF'S BREACH OF CONTRACT CLAIM SHOULD BE DISMISSED

Although plaintiff failed to attach the Lease Agreement to the Class Action Complaint, this Court may nevertheless consider the Lease Agreement in ruling on the instant motion to dismiss. Avatel is not a party to the Lease Agreement and thus, as a matter of law, could not have breached the terms contained therein. *In re Estate of Donner*, 364 So. 2d 742 (Fla. 3d DCA 1978) (*citing Strong & Trowbridge Co. v. H. Baars & Co.*, 60 Fla. 253, 54 So. 92 (Fla. 1910). To prevail on its breach of contract claim, there must be a contract between the plaintiff and the party alleged to have breach the contract. *See Bizrocket.com, Inc. v. Interland, Inc.*, 274 Fed. Appx. 776, 779 (11th Cir. 2008); *Alhassid v. Bank of Am., NA*, 60 F. Supp. 3d 1302, 1315 (S.D. Fla. 2014).

Because Avatel is not a party to the Lease Agreement, plaintiff's breach of contract claim fails to state a cause of action upon which relief can be granted. Accordingly, Count 1 of the Class Action Complaint should be dismissed.

## V. PLAINTIFF'S BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM SHOULD BE DISMISSED

Florida law does not recognize a claim for the breach of the implied covenant of good faith and fair dealing absent the existence of a valid contract. Instead, the duty only attaches to the performance of a specific contractual obligation. *Aldora Aluminum & Glass Prods. v. Poma Glass & Specialty Windows, Inc.*, 683 Fed. Appx. 764 (11th Cir. 2017); *Centurion Air Cargo, Inc. v. UPS, Co.*, 420 F. 3d 1146, 1152 (11th Cir. 2005). New York law is in accord. *American-*

*European Art Assoc., Inc. v. Trend Galleries, Inc.,* 227 A.D. 2d 170 (N.Y.A.D. 1 Dept. 1996). Missouri law is likewise in accord. *Reitz v. Nationstar Mortg., LLC,* 954 F. Supp. 2d 870, 892 (E.D. Mo. 2013).

Furthermore, the implied duty of good faith and fair dealing may not be used to vary the terms of an express contract. *Burger King Corp. v. Weaver,* 169 F. 3d 1310 (11th Cir. 1999) *(citing City of Riviera Beach v. John's Towing,* 691 So. 2d 519 (Fla. 4th DCA 1997). No independent cause of action exists under Florida law for breach of the implied covenant of good faith and fair dealing. *Burger King Corp.* 169 F. 3d at 1317; *see also Librizzi v. Ocwen Loan Servicing, LLC,* 120 F. Supp. 3d 1368 (S.D. Fla. 2015) (citing *Hospital Corp. of Am. v. Florida Med. Ctr.,* 710 So. 2d 573 (Fla. 4th DCA 1998) *review denied* 727 So. 2d 905 (Fla. 1998)).

Because Avatel is not a party to the Lease Agreement between plaintiff and CIT Bank, it follows that Avatel as a matter of law could not breach the covenant of good faith and fair dealing associated with the Lease Agreement. Accordingly, Count 2 should be dismissed for failure to state a cause of action upon which relief may be granted.

## VI. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR UNJUST ENRICHMENT AGAINST AVATEL

(A) <u>Plaintiff is a Party to an Express Contract Which Governs its Rights</u>

Plaintiff alleges it entered into the Lease Agreement with Avatel "and/or" CIT Group. Damages under quasi-contract theories such as quantum meruit or unjust enrichment cannot be awarded where an express contract governs. *Diamond "S" Dev. Corp. v. Mercantile Bank,* 989 So. 2d 696 (Fla. 1st DCA 2008) (reversing judgment based upon unjust enrichment claim because the existence of an express contract precluded the claims); *Cross v. Strader Constr. Corp.,* 768 So. 2d 465 (Fla. 2d DCA 2000) (action for quantum meruit precluded by the existence of a written construction contract); *May v. Sessums & Mason, P.A.,* 700 So. 2d 22 (Fla. 2d DCA

7

1997) *review denied* 705 So. 2d 571 (Fla. 1998) (attorney could not recover an additional fee under a theory of quantum meruit in light of express fee agreement); *Corn v. Greco*, 694 So. 2d 833 (Fla. 2d DCA 1997) *review denied* 735 So. 2d 1284 (Fla. 1999) (reversing award of quantum meruit damages because of existence of written lease of agricultural property); *Kovtan v. Frederiksen*, 449 So. 2d 1 (Fla. 2d DCA 1984) (affirming directed verdict against plaintiff because the plaintiff admitted the existence of an express contract which precluded quasi-contract claims such as unjust enrichment).

Furthermore, an unjust enrichment claim can only be pled in the alternative if the parties contest the existence of an express contract governing the subject of the dispute. *Wilson v. Everbank, N.A.*, 77 F. Supp. 3d 1202 (S.D. Fla. 2015); *In re Managed Care Litig.*, 185 F. Supp. 2d 1310 (S.D. Fla. 2002). The existence of the written Lease Agreement is uncontested and fatal to plaintiff's unjust enrichment claim. Thus, Count 3 should be dismissed for failure to state a cause of action for which relief can be granted.

(B) <u>Plaintiff Fails to Allege the Elements of the Cause of Action for Unjust Enrichment</u>

Count 3 fails to state a cause of action for unjust enrichment against Avatel under either Missouri or Florida law. The elements of the cause of action for unjust enrichment under Missouri law are (1) a benefit conferred upon the defendant; (2) the defendant's appreciation of the benefit, and (3) the defendant's acceptance and retention of the benefit under inequitable or unjust circumstances. *Howard v. Turnbull*, 316 S. W. 3d 431 (Mo. Ct. App. 2010). Under Florida law, the elements of an unjust enrichment claim are a benefit conferred upon a defendant by the plaintiff, the defendant's appreciation of the benefit, and the defendant's acceptance and retention of the benefit under circumstances that make it inequitable for defendant to retain it without paying for it. *Fla. Power Corp. v. City of Winter Park*, 887 So. 2d 1237 (Fla. 2004).

Case 1:18-cv-01949-PKC   Document 39   Filed 12/06/17   Page 14 of 18

The gravamen of the plaintiff's unjust enrichment claim is that defendant Bankers overcharged the lessor, CIT Bank inflated premiums in the first instance so that if could later pay lessee-funded "kickbacks" to CIT Bank that were not authorized under the Lease Agreement. CIT Bank would then pass the inflated premiums onto plaintiff. According to plaintiff, the lessor would be unjustly enriched by having received kickbacks from the insurance carrier and the insurance carrier would be unjustly enriched by the payment of excessive premiums. Importantly, the complaint does not allege that Avatel was unjustly enriched when it sold the telephone equipment to plaintiff.

Avatel was not the lessor under the terms of the Lease Agreement and it thus follows Avatel could not have required plaintiff to maintain insurance under the terms of the Lease Agreement, could not have collected lease payments from plaintiff, could not have force-placed insurance with Bankers or Assurant if or when the plaintiff failed to maintain insurance, could not pay excessive force-placed insurance premiums in exchange for "kickbacks", could not pass on the allegedly by inflated insurance premiums to the plaintiff or collect those premiums from plaintiff. The benefit alleged to have been conferred by plaintiff consists of the purported excessive premiums. Because Avatel was not the lessor, the Class Action Complaint fails to properly allege that plaintiff conferred a benefit upon Avatel; a necessary element of the cause of action under both Florida and Missouri law. The Class Action Complaint also fails to allege facts establishing how Avatel could have appreciated the excessive premiums collected by CIT Bank and thus the Class Action Complaint fails to properly allege the second necessary element of the cause of action. Finally, the Class Action Complaint fails to allege how Avatel could have accepted and retained the allegedly excessive premiums charged by CIT Bank, Bankers or Assurant.

9

## VII. PLAINTIFF'S FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT SHOULD BE DISMISSED

A claim for damages under the Florida Deceptive and Unfair Trade Practices Act has three elements: (1) a deceptive act or unfair practice in the course of trade or commerce, (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland*, 951 So. 2d 860 (Fla. 2d DCA 2006). The Class Action Complaint alleges that Avatel "and/or" CIT Group had an exclusive relationship with its preferred insurance carrier, Bankers "and/or" Assurant whereby it would pay unreasonable and inflated premiums for force-placed insurance policies, charge that amount to plaintiff and then receive compensation through either "kickbacks" or captive reinsurance arrangements based upon a percentage of the insurance policy's premium. The Class Action Complaint also alleges that Avatel "and/or" CIT unilaterally imposed unconscionable lease terms on plaintiff in that the cost of the equipment lease is grossly disproportionate to the actual value of the equipment.

The Class Action Complaint does not contain any allegations that Avatel was deceptive with regard to the purchase and sale of telephone equipment. Plaintiff's claims relate solely to the Lease Agreement between CIT Bank and plaintiff. But as the Lease Agreement makes clear, Avatel was not a party to the Lease Agreement and thus, as a matter of law, could not require plaintiff to keep the equipment insured, could not require plaintiff to show proof of insurance, could not force-place insurance in the event plaintiff failed to provide such proof and could not collect either lease payments or insurance premiums from plaintiff. Avatel was not the lessor and thus could never impose unconscionable or deceptive lease terms upon plaintiff. Because the plaintiff's claims are directed towards the lessor "and/or" the insurance providers, the Class Action Complaint fails to allege a deceptive act or unfair practice in the course of trade of commerce on the part of Avatel or causation between any alleged act of the lessor and any

resulting damages. Accordingly, Count IV should be dismissed for failure to state a cause of action upon which relief can be granted.

## VIII. DEFENDANT ADOPTS SELECTED PORTIONS OF BANKERS AND CIT GROUPS MOTIONS TO DISMISS:

Bankers served its Motion to Dismiss Counts III and VI of the Class Action Lawsuit. Count 3 seeks to assert a cause of action for unjust enrichment against all defendants. Sections I and II of Bankers motion addresses plaintiff's unjust enrichment claim and succinctly explains why there is nothing unjust about the "kickback", "backdating" and "overbroad coverage" theories advanced by plaintiff. Furthermore, Section II (C) addresses why Missouri's voluntary payment doctrine precludes the plaintiff's unjust enrichment claim. Accordingly, Avatel adopts sections I and II of Bankers' motion as though fully set forth herein.

CIT Group served its Motion to Dismiss for Lack of Personal Jurisdiction and to Dismiss Counts I, II, III and IV and Incorporated Memorandum of Law. Section III B (4) of the motion cogently explains why plaintiff has failed to state a cause of action for which relief can be granted as to plaintiff's Deceptive and Unfair Trade Practices claim and Avatel adopts CIT Groups argument as though fully set forth herein.

## IX. CONCLUSION

The Class Action Complaint should be dismissed for failure to state a cause of action for which relief can be granted because:

(1) The Class Action Complaint consists of a "shotgun pleading" lumping Avatel and CIT Group as though a single defendant;

(2) Plaintiff's breach of contract claim fails because Avatel is not a party to the Lease Agreement;

(3) Plaintiff's claim for breach of the covenant of good faith and fair dealing fails because the covenant only attaches to the terms of a valid contract and may not vary the terms of that contract and since Avatel is not a party to the Lease Agreement, it owed plaintiff no duty of good faith and fair dealing as to the lessor's performance under the Lease Agreement;

(4) Plaintiff's claim for unjust enrichment fails because:

   a. Plaintiff is a party to an express contract which governs its rights and obligations; and

   b. Plaintiff has failed to allege facts which would establish (a) plaintiff conferred a benefit in the form of excessive insurance premiums upon Avatel (who was not the lessor and thus never collected forced-placed insurance premiums under the Lease Agreement), (b) Avatel appreciated the alleged excessive force-placed insurance and (c) Avatel retained the alleged excessive force-placed insurance premiums under circumstances that were unjust;

(5) Plaintiff's claim under Florida's Deceptive and Unfair Trade Practices fails to state a cause of action because the Class Action Complaint fails to allege any unfair or defective conduct by Avatel related to force-placed insurance premiums.

Respectfully submitted;

/s/ Randall J. Love
Randall J. Love
Fla. Bar No. 0000380
Randall J. Love, P.A.
7236 State Road 52, Suite 13
Bayonet Point, FL 34667
Telephone: (727) 857-6030
Facsimile: (727) 857-6052
Email: mmjlove@aol.com
Attorney for defendant Avatel Technologies

12

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed on December 6, 2017 with the Clerk of Court using the CM/ECF system, which system served all counsel of record.

/s/ Randall J. Love
Randall J. Love
Fla. Bar No. 0000380
Randall J. Love, P.A.
7236 State Road 52, Suite 13
Bayonet Point, FL 34667
Telephone: (727) 857-6030
Facsimile: (727) 857-6052
Email: mmjlove@aol.com
Attorney for defendant Avatel Technologies