UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:17-CV-23933

Assigned to: Magistrate Judge
John O'Sullivan

JONES REAL ESTTE, INC. d/b/a
JONES REALTY, individually and on
behalf of all others similarly situated,

    Plaintiff,

v.

AMERICAN BANKERS INSURANCE
COMPANY OF FLORIDA, AVATEL
TECHNOLOGIES, INC., CIT GROUP, INC.
AND ASSURANT, INC.

    Defendants.

_____/

DEFENDANT AVATEL TECHNOLOGIES'
MOTION TO DISMISS FIRST AMENDED CLASS ACTION COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW

## TABLE OF CONTENTS

                                                                                                        **Page**

Table of Authorities ............................................................................................. ii, iii

I. PRELIMINARY STATEMENT ......................................................................... 1

II. LEGAL STANDARD ........................................................................................ 2

III. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST
     AVATEL TECHNOLOGIES UNDER DUPTA ............................................. 4

     (A.)  The Service Protection Plan Provides Immediate Coverage Upon
            Installation ................................................................................................. 4

     (B.)  The Service Protection Plan Provides Benefits Beyond the Avaya
            Limited Warranty ..................................................................................... 7

     (C.)  Plaintiff Fails to Allege Resulting Actual Damages .......................... 8

IV. PLAINTIFF'S SHOTGUN COMPLAINT SHOULD BE DISMISSED ............ 9

V. DEFENDANT ADOPTS CIT GROUP'S MOTION TO DISMISS ................... 10

VI. CONCLUSION .................................................................................................. 10

CERTIFICATE OF SERVICE ................................................................................ 11

# TABLE OF AUTHORITIES

Page(s)

*ADA v. Cigna Corp.*,
  605 F. 3d 1283 (11th Cir. 2010) ............................................................. 3

*Aldana v. Del Monte Fresh Produce, N.A., Inc.*,
  416 F. 3d 1242 (11th Cir. 2005) *rehearing denied* 452 F. 3d. 1284 ................. 3
  (11th Cir 2006)

*Ashcroft v. Iqbal*,
  556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) ............................ 2

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) ...................... 3

*Blackshear Mfg. Co. v. Fralick*,
  88 Fla. 589, 102 So. 753, 754 (Fla. 1925) ......................................... 4, 6

*Byrne v. Nezhat*,
  261 F. 3d 1075, 1129 (11th Cir. 2001) ............................................... 9

*Ebrahimi v. City of Huntsville Bd. of Educ.*,
  114 F. 3d 162, 165 (11th Cir. 1997) ................................................ 10

*Florida. Power Corp. v. Tallahassee*,
  154 Fla. 638, 18 So. 2d 671, 674 (Fla. 1944) ...................................... 4, 6

*Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati*,
  715 So. 2d 311, 314 (Fla. 54th DCA 1998) ............................................ 8

*Horsley v. Feldt*,
  304 F. 3d 1125 (11th Cir. 2002) ..................................................... 3

*Joseph v. Bernstein*,
  612 F. Appx. 551, 555 (11th Cir. 2015) .............................................. 9

*Maxcess, Inc. v. Lucent Techs., Inc.*,
  433 F. 3d 1337 (11th Cir. 2005) *rehearing, en banc, denied by* 175 Fed.
  Appx. 328 (11th Cir. 2006) .......................................................... 3

*Paylor v. Hartford Fire Ins. Co.*,
  748 F. 3d 1117 (11th Cir. 2014) ..................................................... 9

*Rollins, Inc. v. Butland,*
   951 So. 2d 860 (Fla. 2d DCA 2006) .................................................. 4, 8

*Rollins, Inc. v. Heller,*
   454 So. 2d 580, 585 (Fla. 3d DCA 1984)
   review denied 461 So. 2d 114 (Fla. 1985). ........................................... 4, 8

*SMF Holdings, Ltd. v. Banc of Am. Sec., LLC,*
   600 F. 3d 1334 (11th Cir. 2010) ........................................................ 3

*South Fla. Water Mgmt. Dist. v. Montalvo,*
   84 F. 3d 402 (11th Cir. 1996) ........................................................... 3

**Statutes**

Fla. Stat. § 501.211 (2) ........................................................................ 8

**Rules**

Fed. R. Civ. P. 12 (b) (6) ....................................................................... 1

Local Rule 7 ....................................................................................... 1

I. PRELIMINARY STATEMENT

Defendant Avatel Technologies, Inc. (hereafter "Avatel") hereby serves its Motion to Dismiss the First Amended Class Action Complaint and Incorporated Memorandum of Law pursuant to Fed. R. Civ. P. 12 (b) (6) and Local Rule 7. Avatel is a Florida corporation with its principal place of business located in Hillsborough County, Florida. Avatel sells, installs and services telephone systems for its business customers. Much of that telephone equipment is manufactured by Avaya. Avatel is not an equipment leasing or financing company. Avatel is not an insurance company. Avatel is not a party to the Lease Agreement between plaintiff and CIT Bank, NA (hereafter "CIT Bank") which is attached as an exhibit to the First Amended Class Action Complaint.

Plaintiff first sued Avatel alleging that Avatel breached the Lease Agreement between plaintiff and CIT Bank and was unjustly enriched through some sort of scheme involving force-placed insurance. When it became apparent that Avatel was not a party to the Lease Agreement and had no ability to require plaintiff to carry insurance or force-place insurance under the terms of the Lease, plaintiff sought to devise another means of pursuing claims against Avatel. In the First Amended Class Action Complaint, plaintiff has asserted but a single claim against Avatel which is wholly unconnected with the Lease Agreement. Plaintiff now asserts that the Service Protection Plan between Avatel and Jones Realty violates the Florida Deceptive and Unfair Trade Practices Act.

Jones Realty entered into a Quotation/Purchase Agreement for the purchase of telephone equipment from Avatel on or about August 11, 2016. Rather than pay Avatel for the telephone equipment, plaintiff elected instead to lease or finance the equipment from CIT Bank. Accordingly, plaintiff entered into the Lease Agreement with CIT Bank on or about October 13,

1

2016. CIT Bank then paid Avatel the purchase price for the telephone equipment. CIT Bank is one of a number of leasing or financing companies that plaintiff could have used to finance the telephone equipment.

Much of the equipment received by plaintiff was covered under an Avaya Global Product Warranty Policy for End Users (hereafter the "Avaya Limited Warranty"). Plaintiff references the Avaya Limited Warranty in the First Amended Class Action Complaint, albeit not by name, and a copy is provided as an exhibit to this motion. The Avaya Limited Warranty is a manufacturer's warranty. An Avatel customer also has the option to obtain a Service Protection Plan which provides greater coverage and protection, starting upon the installation and certification of the equipment, than that offered under the Avaya Limited Warranty. On August 11, 2016 the plaintiff elected to enter into a Service Protection Plan with Avatel and a copy of the Service Protection Plan is provided as an exhibit to this motion. Neither CIT Bank nor CIT Group, Inc. (hereafter "CIT Group") is a party to the Avatel Service Protection Plan. Contrary to plaintiff's assertion, coverage under the Service Protection Plan commences once the telephone equipment is installed and certified and provides significantly greater protection than the Avaya Limited Warranty.

## II.  LEGAL STANDARD

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the court must accept well-pled facts as true, but the court is not required to accept the plaintiff's legal conclusions. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). Although the complaint does not need detailed factual allegations, it must provide more than labels and conclusions and a formalistic recitation of the elements of a cause of action will not do. To survive a motion to dismiss, the complaint must contain sufficient factual matter,


accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In evaluating the sufficiency of the plaintiff's pleadings, the court must indulge reasonable inferences in the plaintiff's favor but is not required to draw the plaintiff's conclusions and conclusory allegations, unwarranted deductions of fact, or legal conclusions masquerading as facts will not prevent dismissal. *Aldana v. Del Monte Fresh Produce, N.A., Inc.,* 416 F. 3d 1242 (11th Cir. 2005) *rehearing denied* 452 F. 3d. 1284 (11th Cir 2006). Courts are not bound to accept as true a legal conclusion couched as a factual allegation. *Twombly* 550 U.S. at 555. Moreover, courts may infer from the factual allegations in the complaint obvious alternative explanations which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer. *ADA v. Cigna Corp.,* 605 F. 3d 1283 (11th Cir. 2010). Unwarranted deductions of fact in the complaint are not admitted as true for the purpose of testing the sufficiency of the allegations. *South Fla. Water Mgmt. Dist. v. Montalvo,* 84 F. 3d 402 (11th Cir. 1996) (Court should not infer that landowners had knowledge that spraying their pasture lands with pesticides entailed the spilling of pesticides and the draining of contaminated rinse water).

While as a general rule the Court may not consider matters outside the four corners of the complaint in ruling on a motion to dismiss, a document outside the four corners may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity. *SMF Holdings, Ltd. v. Banc of Am. Sec., LLC,* 600 F. 3d 1334 (11th Cir. 2010); *Maxcess, Inc. v. Lucent Techs., Inc.,* 433 F. 3d 1337 (11th Cir. 2005) *rehearing, en banc, denied by* 175 Fed. Appx. 328 (11th Cir. 2006); *Horsley v. Feldt,* 304 F. 3d 1125 (11th Cir. 2002). Plaintiff alleges the existence of the Lease Agreement and Service Protection Plan, and indeed both are attached as exhibits to the First Amended Class Action Complaint and thus may be properly considered by this Court in

3

ruling on this motion. Furthermore, the Avaya Limited Warranty is referenced in the First Amended Class Action Complaint, albeit not by name, and may be properly considered by this Court in ruling on the instant motion. *See* paragraphs 27, 28, 42, 43, 155, 156 and 157 of the First Amended Class Action Complaint.

### III. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION AGAINST AVATEL UNDER DUPTA

(A) <u>The Service Protection Plan Provides Immediate Coverage Upon Installation</u>

A claim for damages under the Florida Deceptive and Unfair Trade Practices Act has three elements: (1) a deceptive act or unfair practice in the course of trade or commerce, (2) causation; and (3) actual damages. *Rollins, Inc. v. Butland,* 951 So. 2d 860 (Fla. 2d DCA 2006). In the instant case, the plaintiff fails to allege a deceptive act or unfair trade practice in the course of trade or commerce. As set forth below, the plaintiff also fails to allege actual damages resulting from Avatel's alleged acts.

Plaintiff's Deceptive and Unfair Trade Practices claim is predicated upon a tortured construction of the Service Protection Plan. Plaintiff incorrectly alleges that the protections and benefits of the Service Protection Plan do not commence until after the expiration of the Avaya Limited Warranty. The benefits commence, however, once the equipment has been installed and certified. In properly construing the Service Protection Plan, this Court should consider the objectives to be accomplished and place itself in the position of the parties at the time the Service Protection Plan was entered into. *Florida Power Corp. v. Tallahassee,* 154 Fla. 638, 18 So. 2d 671, 674 (Fla. 1944). The interpretation of the Service Protection Plan should be consistent with reason, probability, and practical aspects of the transaction. *Blackshear Mfg. Co. v. Fralick,* 88 Fla. 589, 102 So. 753, 754 (Fla. 1925). The Service Protection Plan should be considered as a whole, not in its isolated parts. *Blackshear Mfg. Co., supra at* 754.

The contract period under the Service Protection Plan is stated thus:

> Contract Period – This agreement shall be effective when signed by you, accepted in writing by Avatel and existing products are certified and deemed in working condition and will remain in effect until terminated as set forth in Termination Section of this agreement. Upon expiration of the initial term, maintenance shall automatically renew for successive one (1) year terms at the current rate and under the terms and condition in effect at the time of renewal unless either party gives the other written notice of its intent not to renew at least thirty (30) days prior to the expiration of the initial or any renewal term.

The plain language makes clear that protection under the Service Protection Plan becomes effective once it is signed by the customer, accepted in writing by Avatel, and the telephone equipment is installed, certified and deemed in working condition. Page 5 of 5 of the Service Protection Plan also states:

> The Protection Plan will commence upon execution of the agreement between both parties, certification and receipt of payment agreed upon.

Plaintiff, however, asserts in its First Amended Class Action Complaint that coverage commences only once the Avaya Limited Warranty expires. Plaintiff relies upon the language:

> Avatel Technologies, Inc. (Avatel) and you, the customer, agree that the following terms and conditions will apply to post warranty maintenance (Services) listed on the attached agreement.

Although plaintiff would have this Court construe the language as language of limitation; it clearly is not. Plaintiff would have this Court change the contract language from "will apply to post warranty maintenance" to "will apply _only_ to post warranty maintenance." The purpose of the language is not to limit coverage, but is instead an acknowledgement that the customer is receiving a benefit beyond that available under the Avaya Limited Warranty. The application of the general rules of contract construction makes clear that there is nothing deceptive or unfair about the contract language and the alleged inconsistency simply doesn't exist.

5

First, it must be noted that the language relied upon by plaintiff is not found within the "Exclusions" set forth in the Service Protection Plan, evidencing that the language is not language of limitation. Furthermore, the plaintiff's construction would be inconsistent with the objectives of the parties; that is the securing of a service protection plan with full coverage including remote telephone support, remote diagnostics, troubleshooting, problem resolution, software maintenance, updates and fixes, and on-site parts replacement which would cover the hardware and software purchased from Avatel. *See Florida Power Corp. v. Tallahassee,* 154 Fla. 638, 18 So. 2d 671, 674 (Fla. 1944). The reasonable and practical aspects of the transaction dictate that the service plan would commence, that is be effective, from the outset as this would ensure that the customer receives the benefit of the plan's protection and Avatel is assured that the equipment is properly serviced and maintained leading to satisfied customers and repeat business. *See Blackshear Mfg. Co. v. Fralick,* 88 Fla. 589, 102 So. 753, 754 (Fla. 1925). Because the Service Protection Plan should be considered as a whole, not in its isolated parts, it is clear that the language relied upon by plaintiff does not limit the Service Protection Plan but merely acknowledges that the Service Protection Plan provides protection beyond the manufacturer's warranty. *See Blackshear Mfg. Co., supra at* 754. Applying the rules of contract construction to the Service Protection Plan, it is clear that the plaintiff's tortured interpretation of the Service Protection Plan – a construction which would limit plaintiff's rights under the Plan – is wrong (and yet necessary for plaintiff to maintain the instant claim). Because the Service Protection Plan commences at the outset, there is nothing unfair or deceptive and the First Amended Class Action Complaint should be dismissed as to Avatel.

(B) <u>The Service Protection Plan Provides Benefits Beyond the Avaya Limited Warranty</u>

Inherent in the plaintiff's claim is the proposition that the Avaya Limited Warranty provides the same benefits as the Avatel Service Protection Plan. A review of the Service Protection Plan; however evidences that it provides significant protection and benefits beyond that found in the Avaya Limited Warranty. The Avaya Limited Warranty covers the repair or replacement of Avaya hardware associated with defects and workmanship for twelve months. Software defects are covered for an initial ninety days. The Avaya Limited Warranty does not cover costs associated with labor, remote diagnosis, on-site diagnosis or repair, or other related expenses. As with most manufacturers' warranties, the end user sends the product to the manufacturer (either directly or indirectly through a provider such as Avatel) and waits for the product to be repaired and returned. Under the Avaya Limited Warranty, Avaya provides access to available software corrective content and product support knowledge based on a self-serve basis. In other words, the customer can download software for reinstallation.

Even a cursory review of the Service Protection Plan makes clear that it offers significantly greater coverage than the Avaya Limited Warranty and becomes effective when signed by the customer, accepted in writing by Avatel and the existing products are certified and deemed in working condition. The Service Protection Plan covers both Avaya as well as other products sold by Avatel. For example, Jones Realty purchased a DuraFon Pro System including one base unit, one handset, one battery, one power adapter, one belt clip and an AC charger as well as an additional DuraFon Pro handset. As these are not Avaya products, they would not be covered under the Avaya Limited Warranty. The Service Protection Plan also provides greater response times and levels of support. Unlike the Avaya Limited Warranty, the Service Protection Plan provides for on-site replacement and covers customer programing problems. As

7

with most service protection plans, the customer can receive a service call with on-site support, diagnosis and repair or replacement as opposed to sending the product off to the manufacturer. And contrary to the plaintiff's allegation, the protection commences immediately upon installation and certification of the telephone system. Upon comparison of the Avaya Limited Warranty and the Avatel Service Protection Plan, it is clear that there is nothing unfair or deceptive in providing greater service and protection which becomes effective at the outset of the parties' agreement.

(C) <u>Plaintiff Fails to Allege Resulting Actual Damages:</u>

Florida's Deceptive and Unfair Trade Practices Act provides for the recovery of actual damages plus attorney's fees and court costs. *See* Fla. Stat. § 501.211 (2). Under the Act, the measure of actual damages is the difference in the market value of the product or service in the condition in which it was delivered and its market value in the condition in which it should have been delivered according to the contract between the parties. *Rollins, Inc. v. Heller,* 454 So. 2d 580, 585 (Fla. 3d DCA 1984) r*eview denied* 461 So. 2d 114 (Fla. 1985). Actual damages do not include consequential damages. *See Fort Lauderdale Lincoln Mercury, Inc. v. Corgnati,* 715 So. 2d 311, 314 (Fla. 4th DCA 1998).

Plaintiff has failed to allege facts which, if proven, would establish that it has suffered actual damages resulting from Avatel's alleged conduct. The gravamen of the claim against Avatel is that the benefits under the Avatel Service Protection Plan are unavailable prior to the expiration of the Avaya Limited Warranty. For the reasons set forth above, such is not the case and the protections and benefits of the Service Protection Plan are available from the outset. However, plaintiff fails to allege that it sought the benefits of the Service Protection Plan at any time, let alone sought benefits prior to the expiration of the Avaya Limited Warranty.

Plaintiff does not allege, for example, that it was denied the on-site replacement of any alleged defective product purchased from Avatel as provided for under the Service Protection Plan; either before or after the expiration of the Avaya Limited Warranty. Plaintiff does not allege that it sought and was denied remote programming of its telephone system. Plaintiff does not allege that was denied maintenance support during off-hours despite selecting full coverage under the Service Protection Plan. Instead, plaintiff incorrectly theorizes that the Service Protection Plan would have failed to provide benefits until the expiration of the Avaya Limited Warranty; even though plaintiff never sought those benefits. As such, plaintiff has not alleged that it suffered actual damages as a result of any alleged conduct on the part of Avatel.

IV. **PLAINTIFF'S "SHOTGUN" COMPLAINT SHOULD BE DISMISSED**

The complaint fails to state a cause of action against Avatel because the complaint consists of an impermissible "shotgun pleading." The proper remedy for a "shotgun pleading" is dismissal for failure to state a cause of action upon which relief can be granted. *See Paylor v. Hartford Fire Ins. Co.*, 748 F. 3d 1117 (11th Cir. 2014). Amongst the various sins found in the First Amended Class Action Complaint is the failure to designate the parties to the alleged joint venture. The First Amended Class Action Complaint also fails to allege any facts which would suggest that Avatel and CIT Group are anything other than distinct entities. This is likewise true of Avatel and CIT Bank. The indiscriminate lumping of defendants, without articulating a factual basis for each defendant's liability does not satisfy even the liberal federal notice-pleading standards. *See Joseph v. Bernstein*, 612 F. Appx. 551, 555 (11th Cir. 2015).

Unless corrected, "A shotgun complaint leads to a shotgun answer." *Byrne v. Nezhat*, 261 F. 3d 1075, 1129 (11th Cir. 2001). Furthermore, such pleadings divert already stretched judicial resources into disputes that are not structurally prepared to use those resources

efficiently. *See Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F. 3d 162, 165 (11th Cir. 1997). Because the First Amended Class Action Complaint consists of a "shotgun pleading", the instant complaint fails to state a cause of action upon which relief can be granted. Accordingly, dismissal is appropriate.

V.   **DEFENDANT ADOPTS CIT GROUP'S MOTION TO DISMISS:**

CIT Group has or will serve its motion to dismiss and Avatel adopts its arguments as though fully set forth herein.

VI.  **CONCLUSION**

The First Amended Class Action Complaint should be dismissed as to Avatel for failure to state a cause of action for which relief can be granted because:

a. Plaintiff's claim under Florida's Deceptive and Unfair Trade Practices fails to state a cause of action because the First Amended Class Action Complaint fails to allege any unfair or defective conduct by Avatel related to the Service Protection Plan because the Service Protection Plan provides benefits upon the installation and certification of the telephone system and provides greater benefits than the Avaya Limited Warranty.;

b. Plaintiff fails to allege actual damages resulting from any alleged deceptive or unfair trade practice;

c. The First Amended Class Action Complaint consists of an impermissible "shotgun pleading"; and

d. For the reasons set forth in CIT Group's motion to dismiss which are hereby adopted by Avatel.

Respectfully submitted;

/s/ Randall J. Love
Randall J. Love
Fla. Bar No. 0000380
Randall J. Love, P.A.
7236 State Road 52, Suite 13
Bayonet Point, FL 34667
Telephone: (727) 857-6030
Facsimile: (727) 857-6052
Email: mmjlove@aol.com
Attorney for defendant Avatel Technologies

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been filed on January 10, 2018 with the Clerk of Court using the CM/ECF system, which system served all counsel of record.

/s/ Randall J. Love
Randall J. Love
Fla. Bar No. 0000380
Randall J. Love, P.A.
7236 State Road 52, Suite 13
Bayonet Point, FL 34667
Telephone: (727) 857-6030
Facsimile: (727) 857-6052
Email: mmjlove@aol.com
Attorney for defendant Avatel Technologies