**W/M WAGNER McLAUGHLIN**

November 13, 2019

Honorable Judge P. Kevin Castel
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Jones Realty, Inc. v. CIT Bank, N.A., et al.*, Case No. 18-cv-01949 (S.D.N.Y.)

> This action is pending in this district based upon defendant's CIT's section 1404(a) motion. Based upon the nature and size of the claim and relative resources of the parties, the Rule 30(b)(6) deposition shall take place in St. Louis, MO, with each party bearing its own expenses.
> SO ORDERED
> [signature] USDJ
> 11-18-19

Dear Honorable Judge Castel:

We are writing pursuant to Local Civil Rule 37.2 to seek Court intervention in resolving the location of the upcoming deposition of Jones Realty, Inc. The parties have not been able to agree on the location of the deposition that is currently scheduled on November 21, 2019 at 9:30am. Defendant noticed the deposition for New York, despite Plaintiff advising that Jones Realty, Inc. should be deposed in Missouri, the headquarters of its small business. Unfortunately, Defendant has stated that they will not consent to the deposition in Missouri and are insisting that it occur in New York. Good cause exists to protect Plaintiff from being required to have Plaintiff's deposition taken in New York and instead permit it to have its deposition taken in Saint Louis, Missouri in person or by way of telephone because Plaintiff is located approximately 1,000 miles away from New York and is a small business. Plaintiff has enclosed a copy of CIT Bank, N.A.'s Notice of 30(b)(6) Deposition of Jones Real Estate, Inc. and Plaintiff's letter objecting the location of the deposition for the Court's reference.

"Where a corporation is involved as a party to the litigation, there is a general presumption in favor of conducting depositions of a corporation in its principal place of business." *Buzzeo v. Bd. of Educ. Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y.1998). *See also, UBS Fin. Servs. v. Bounty Gain Enters.*, No. 14-81603-CV, 2016 U.S. Dist. LEXIS 104769, at *8-9 (S.D. Fla. Aug. 4, 2016) "[I]n the absence of ***exceptional or unusual circumstances***, when a deponent resides at a substantial distance from the deposing party's residence, the deposing party should be required to take the deposition at a location in the vicinity in which the deponent resides, even if the deponent is a party." (emphasis added). Furthermore, "[t]he court may consider the convenience of all parties in the general interest of judicial economy when determining the proper place for

deposition." *Id.* at 9. (citation omitted). *See also*, 4 J. Moore, Federal Practice P 26.70(1.4) (2d Ed. 1979); 8 C. Wright & A. Miller, Federal Practice and Procedure § 2112 (1970). This general presumption is doubly true here where the corporation at issue is a Plaintiff in a nationwide class action, the location of CIT's interaction with Plaintiff was within the state of Missouri, and the subject matter of the lease and equipment protection plan – i.e., the phones – are also located in Missouri. Plaintiff disputed transfer of the case to New York and although Plaintiff is willing to travel to New York for trial, it should not be burdened by having to travel there twice.

Defendant's setting of the location causes undue burden and hardship on Plaintiff; it is a small business located 1,000 miles away from the location Defendant noticed the deposition; and the deposition has been set one week before Thanksgiving. Plaintiff has a handful of employees, each of which is crucial to the daily operation of the business. Plaintiff's damages are less than the cost of travel to New York for Plaintiff; yet, Defendant has likely made millions of dollars off the practice and has targeted Missouri businesses such as Plaintiff. For that reason, Defendant should be required to take Plaintiff's deposition in the area in which Defendant marketed the product at issue in the case. Such is especially true when Plaintiff did not choose the instant venue, but instead was compelled to as a result of a motion to transfer venue. Furthermore, Defendant will not be prejudiced by having to take Plaintiff's deposition in Missouri. CIT Bank Corporate Headquarters are located in Pasadena, California. Furthermore, Defendant's primary counsel lives in Georgia, which is closer to Missouri than New York.

Plaintiff has also offered the opportunity for Defendant, if the deposition takes place in Missouri, to call in during the deposition on speakerphone so there is no additional cost to defendant to hold the deposition in Missouri rather than New York. Plaintiff will also allow Defendant's counsel to take the deposition telephonically.

                    Sincerely,

                    */s/ Jason K. Whittemore*

                    Jason Whittemore

JKW/am
Enclosures